UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  19-21349-Civ-Scola

JOHN P. STETZENBACH, JR., a
married man,

       Plaintiff,

v.

PARADISE TOURS, S.A.,

       Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, JOHN P. STETZENBACH, JR., by and through undersigned counsel, hereby sues Defendant, PARADISE TOURS, S.A. (hereinafter, "PARADISE TOURS"), and alleges:

## SUBJECT MATTER JURISDICTION

1.      This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

2.      This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state.

3.      This Court also has Admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 as this case involves a maritime tort.

## THE PARTIES

4.      At all times material hereto, Plaintiff, is sui juris, and is a resident of Wisconsin. Plaintiff was a ticketed passenger on board the cruise ship, *Oasis of the Seas,* owned and operated by Royal Caribbean Cruise Cruises, Ltd. ("Royal Caribbean").

5.      Defendant, PARADISE TOURS, is a Haitian company with its principal place of business in Haiti.

6.      At all times material hereto, Defendant, PARADISE TOURS, entered into a Tour Operator Agreement in Florida with Royal Caribbean to operate a catamaran excursion known as "Sandbar Island Getaway Tour" (hereinafter "Sandbar Island") exclusively for Royal Caribbean cruise passengers. *See, Tour Operator Agreement attached hereto as Exhibit "A."*

7.      At all times material hereto, Royal Caribbean acted in and from Florida as agent of Defendant, PARADISE TOURS, with PARADISE TOURS' exclusive authority to market and sell tickets, both in Florida and elsewhere.

8.      At all times material hereto, Royal Caribbean leased, operated, managed, maintained, and/or controlled the private port located on the northern coast of Haiti, the site of the subject accident, for the exclusive use of its cruise passengers known as Labadee. This private port is guarded by a private security force, selected and paid for by Royal Caribbean. The site is fenced off from the surrounding area, and passengers are not allowed to leave the property. Food available to the tourists is brought from the cruise ships. A *controlled group* of Haitian merchants are given sole rights to sell their merchandise and establish their businesses in the resort. Royal Caribbean has exclusive control of all business operations in Labadee.

9.      Defendant, PARADISE TOURS, is one of the businesses afforded controlled and limited access to Labadee by Royal Caribbean for the purpose of operating a shore excursion offered by Royal Caribbean to its passengers aboard cruise ships owned and operated by Royal Caribbean.

10.     At all times material hereto, the catamaran excursion on which the Plaintiff John P. Stetzenbach, Jr. was injured is known as Sandbar Island and is a Labadee excursion. Unless

2

you are a passenger on board a Royal Caribbean cruise ship, you are not able to participate in this excursion.   In addition, this excursion can only be purchased through Royal Caribbean as evidenced by Sandbar Island's Facebook Page.   Also, there is no other way to partake of the catamaran excursion other than as a passenger aboard a Royal Caribbean ship that goes to Labadee.

11.   At all times material hereto, employees of Defendant, PARADISE TOURS, operated, maintained and repaired the catamaran on which the subject accident occurred pursuant to a Tour Operator Agreement entered into with Royal Caribbean.   *See, Tour Operator Agreement attached hereto as Exhibit "A."*

## VENUE

12.   Defendant Royal Caribbean sold a ticket to the Plaintiff for the subject cruise which provided:

**IT IS AGREED BY AND BETWEEN PASSENGER AND CARRIER THAT ALL DISPUTES AND MATTERS WHATSOEVER ARISING UNDER, IN CONNECTION WITH OR INCIDENT TO THIS AGREEMENT, PASSENGER CRUISE, CRUISETOUR, LAND TOUR OR TRANSPORT, SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE THE UNITED STATES DISTRICT OF THE SOUTHERN DISTRICT OF FLORIDA COURT LOCATED IN MIAMI-DADE COUNTY, FLORIDA, U.S.A., TO THE EXCLUSION OF THE COURTS OF ANY OTHER STATE, TERRITORY OR COUNTRY.**

13.   The foregoing contractual venue provision requires the Plaintiff to initiate his claim against not only Royal Caribbean but Defendant, PARADISE TOURS, in this Court.

## PERSONAL JURISDICTION

14.   This lawsuit alleges that the Plaintiff's injuries were a consequence of joint and several fault by both Royal Caribbean and Defendant, PARADISE TOURS, regarding a cruise-related catamaran excursion. Although Royal Caribbean is not a defendant in this lawsuit, it is

3

the defendant in *John P. Stetzenbach, Jr. v. Royal Caribbean Cruises, Ltd.*, *United States District Court for the Southern District of Florida, Case No. 18-cv-25382* based upon the allegations of joint and several fault with PARADISE TOURS and Royal Caribbean's independent negligence as well..

15.     At all relevant times in full force and effect in the State of Florida, *§ § 685.101- .102, F.S.,* which provides in pertinent part as it relates to personal jurisdiction over Defendant, PARADISE TOURS, that:

> The parties to any contract, agreement, or undertaking...in consideration of or relating to any obligation arising out of a transaction in the aggregate not less than $250,000...may to the extent permitted under the United States Constitution, agree that the law of this state will govern such contract... whether or not such contract...bears any relation to this state.

> Notwithstanding any law that limits the right of a person to maintain an action or proceeding, *any person may,* to the extent permitted under the United States Constitution, *maintain in this state an action or proceeding against any person or other entity residing or located outside this state, if the action or proceeding arises out of or relates to any contract, agreement or undertaking for which a choice of the law of this state, in whole or in part, has been made pursuant to s. 685.101 and which contains a provision by which such person of other entity residing or located outside this state agrees to submit to the jurisdiction of the courts of this state.* (emphasis added).

16.     Defendant, PARADISE TOURS, with actual knowledge of the Florida venue provisions of Royal Caribbean's cruise ticket, consciously, deliberately, and purposefully agreed in writing with Royal Caribbean that their business relationship, course of dealing, and performance concerning shore excursions, including the aforementioned catamaran excursion, would be subject to the following:

> **Section 1.  Tours To Be Provided**
> Operator [PARADISE TOURS] will provide the Tours to the Passengers in a manner that meets *the highest standards in the industry.* (emphasis added)

4

**Section 7.  Insurance**
Operator [PARADISE TOURS] shall maintain, throughout the term of this Agreement and at its own expense, the types of insurance specified in Exhibit C which is annexed hereto and hereby incorporated into this Agreement.

**Exhibit C:**
1.      The tour operator's insurance must provide coverage for liability alleged against Royal Caribbean…
3.      All tour operators…must name Royal Caribbean Cruises, Ltd…as additional insureds on their certificate of insurance.
8.      The insurance coverage for all Tours must include Worldwide jurisdiction.

**Section 11:  Indemnification**
Operator [PARADISE TOURS] agrees to indemnify, hold harmless and defend Royal Caribbean Cruises, Ltd, [and] its… affiliates, [etc.],…(collectively the "Indemnitees"), from and against any and all losses, claims, liabilities, alleged liabilities, damages or alleged damages, causes of action, legal fees, costs and expenses which may arise or be claimed against the Indemnitee(s) as a consequence or arising from the business or operations of the Operator [PARADISE TOURS] and services provided to the Indemnitee(s) and their passengers. *[O]perator shall be fully liable for acts of any [of] its employees, officers, representatives or agents, relating to or in connection with or otherwise arising as a consequence of the Shore Excursions."* (emphasis added)

**12.2  Governing Law and Consent to Jurisdiction**
"The validity, interpretation *and performance of this Agreement shall be governed by the laws of the State of Florida.* (emphasis added)
Operator [PARADISE TOURS] acknowledges that pursuant to *its agreement* with the Passengers, all disputes and matters arising under, in connection with or incident to the cruise ticket agreement between the guest and the Cruise Line shall be litigated, if at all, in and before a court located in Miami, Florida, U.S.A., [or such other jurisdiction as may be specified in the agreement with the guest] to the exclusion of the courts of any other state, territory, or country. *Operator* [PARADISE TOURS] *shall take no steps that contradict these arrangements."* (emphasis added)
Operator hereby irrevocably consents to the exclusive jurisdiction of any State or Federal court located in Miami/Dade County in the state of Florida in the event that any action is brought by either party pursuant to this Agreement. *Operator hereby waives any venue or other objection that it may have to any such action or proceeding being brought in any State or Federal court located in Miami/Dade County.* (emphasis added).

17.     *§ § 85.101-.102, F.S.* and the relevant agreement between Royal Caribbean and

PARADISE TOURS provide a sufficient basis for this court to exercise personal jurisdiction

over PARADISE TOURS in this case, because:

5

A.  The relevant contract, agreement, or undertaking was in consideration of or related to an obligation or obligations arising out of a transaction in the aggregate not less than $250,000; and,

B.  The relevant contract, agreement, or undertaking *was formed in the State of Florida* and otherwise bore a substantial and reasonable relationship to Florida, or, in the alternative, at least one of the parties (Royal Caribbean) is a resident of Florida and/or maintains a place of business in Florida; and,

C.  The Florida forum clause in question was freely negotiated between Royal Caribbean and PARADISE TOURS and is not otherwise unreasonable and unjust; and,

D.  The plaintiff is suing PARADISE TOURS in this Complaint for breaching certain obligations and duties of care to Royal Caribbean's passengers expressly undertaken and assumed by PARADISE TOURS in the referenced agreement with Royal Caribbean; and the plaintiff is also suing PARADISE TOURS based upon its undertaking in the same agreement to indemnify a judgment in Florida against Royal Caribbean in plaintiffs suit against Royal Caribbean in Florida arising from the subject excursion and agreement. (See Count IV, *infra*).

E.  But for the agreement in question, Royal Caribbean could not have sold plaintiff a ticket for the subject excursion and he would not have been on the excursion when injured.

18.  Additionally, at all relevant times, there was and is in full force and effect a subsection of the State of Florida's specific long-arm statute, Florida Statute § *48.193(1)(a)*, which provides in pertinent part that:

> *Any person,* whether or not a citizen or resident of this state, who *personally or through an agent* does any of the acts enumerated in this subsection thereby submits himself...to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

> (a) *operating, conducting, engaging in, or carrying on a business or business venture in this state or having an* office or *agency in this state.* (emphasis added)

19.  Pursuant to *Florida Statute §48.193(1)(a),* this Court has personal jurisdiction over Defendant, PARADISE TOURS, because, at all relevant times, Defendant, PARADISE TOURS, and Royal Caribbean entered into a sales and operating agreement in Florida for the catamaran excursion, that was otherwise subject to Florida law, and in which PARADISE

TOURS agreed to submit itself to the jurisdiction of this Florida court for suits arising from the referenced excursions.

20.     Additionally, PARADISE TOURS's agreement with Royal Caribbean expressly authorized Royal Caribbean to act, and Royal Caribbean continuously and systematically did act, *in and from Florida* as PARADISE TOURS's exclusive agent to market and sell excursion tickets to Royal Caribbean passengers in the United States, and to bind PARADISE TOURS to such obligation(s) without Royal Caribbean first having to confirm with PARADISE TOURS.

21.     Additionally, PARADISE TOURS, in the aforementioned agreement or undertaking, expressly agreed to undertake duties to exercise care for the safety of Royal Caribbean's passengers by, inter alia, conforming to the "highest standards in the industry," and to be "fully liable" for failing to do so.

22.     Royal Caribbean, while in Florida and acting as PARADISE TOURS's agent, continuously and systematically sold tickets for the subject excursion in Florida.

23.     Additionally, Royal Caribbean, at all relevant times, continuously and systematically acted from Florida as PARADISE TOURS's sales and marketing agent in Florida concerning the subject excursion.  Therefore, PARADISE TOURS, either directly or through an agent (*i.e.,* RCCL), "operat[ed], conduct[ed], engage[d] in, or carr[ied] on a business or business venture in this state," continuously and systematically, within the requirements of *Florida Statute § 48.193(1)(a)*.

24.     Furthermore, Plaintiff's causes of action against PARADISE TOURS arise in part from or have a nexus with the doing of those acts (a) because the plaintiff would not have been on the excursion at the time of his injuries were it not for PARADISE TOURS's business activities in Florida (either directly or through agents), including but not limited to PARADISE

7

TOURS's solicitation and formation in Florida of its aforementioned sales and operating agreement with Royal Caribbean and/or PARADISE TOURS deliberate, and continuous and systematic procurement of insurance and loans in the State of Florida which were all integral to its excursion business involving Royal Caribbean passengers; and the sale of the relevant excursion ticket to the plaintiff from Florida by Royal Caribbean, acting as PARADISE TOURS's exclusive marketing and sales agent in Florida; and (b) because the plaintiff is suing PARADISE TOURS, *inter alia,* for breaching the duties of care PARADISE TOURS assumed and/or undertook (expressly for the safety of Royal Caribbean cruise passengers such as the plaintiff) under PARADISE TOURS's aforementioned Florida sales and operating agreement with RCCL and (c) because plaintiff is suing PARADISE TOURS for negligence arising from its relationship in Florida with Royal Caribbean in Florida; and (d) plaintiff is suing PARADISE TOURS in this Florida lawsuit as a contractual indemnitor in Florida of Royal Caribbean (a Florida based corporation) and because of plaintiff's claim in Florida against Royal Caribbean, such that plaintiff would be entitled to immediate entry of a Florida judgment against PARADISE TOURS in the event of a Florida jury verdict against Royal Caribbean in the case of *John P. Stetzenbach, Jr. v. Royal Caribbean Cruises, Ltd.*, *United States District Court for the Southern District of Florida, Case No. 18-cv-25382.*

25.     Therefore, PARADISE TOURS is subject to the personal jurisdiction of this court pursuant to *Florida Statute §48.193(1)(a).*

26.     Additionally, at all relevant times, there was and is in full force and effect another subsection of the State of Florida's specific long-arm statute, *Florida Statute §48.193(1)(d)* which provides in pertinent part that:

8

*Any person,* whether or not a citizen or resident of this state, *who personally or through an agent* does any of the acts enumerated in this subsection thereby submits himself...to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

*Contract[s] to insure any person,... located within this state at the time of contracting.* (emphasis added)

27.     *Sec. 48.193(1)(d),* F.S. provides a sufficient basis for exercising personal

jurisdiction over Defendant, PARADISE TOURS, under the facts of this case because, at all

relevant times, Defendant, PARADISE TOURS, agreed with RCCL in Florida as follows:

**Section 1.  Tours To Be Provided**
Operator [PARADISE TOURS] will provide the Tours to the Passengers in a manner that meets *the highest standards in the industry.* (emphasis added)

**Section 7. Insurance**
Operator [PARADISE TOURS] shall maintain, throughout the term of this Agreement and at its own expense, the types of insurance specified in Exhibit C which is annexed hereto and hereby incorporated into this Agreement.

**Exhibit C:**
1.     The tour operator's insurance must provide coverage for liability alleged against Royal Caribbean...
3.     All tour operators...must name Royal Caribbean Cruises, Ltd...as additionally insureds on their certificate of insurance.
8.     The insurance coverage for all Tours must include Worldwide jurisdiction.

**Section 11:  Indemnification**
Operator [PARADISE TOURS] agrees to indemnify, hold harmless and defend Royal Caribbean Cruises, Ltd, [and] its... affiliates, [etc.],...(collectively the "Indemnitees"), from and against any and all losses, claims, liabilities, alleged liabilities, damages or alleged damages, causes of action, legal fees, costs and expenses which may arise or be claimed against the Indemnitee(s) as a consequence or arising from the business or operations of the Operator [PARADISE TOURS] and services provided to the Indemnitee(s) and their passengers. *[O]perator shall be fully liable for acts of any [of] its employees, officers, representatives or agents, relating to or in connection with or otherwise arising as a consequence of the Shore Excursions."* (emphasis added)

**12.2  Governing Law and Consent to Jurisdiction**
"The validity, interpretation *and performance of this Agreement shall be governed by the laws of the State of Florida.* (emphasis added)

9

Operator [PARADISE TOURS] acknowledges that pursuant to *its agreement* with the Passengers, all disputes and matters arising under, in connection with or incident to the cruise ticket agreement between the guest and the Cruise Line shall be litigated, if at all, in and before a court located in Miami, Florida, U.S.A., [or such other jurisdiction as may be specified in the agreement with the guest] to the exclusion of the courts of any other state, territory, or country. *Operator* [PARADISE TOURS] *shall take no steps that contradict these arrangements."* (emphasis added)

Operator hereby irrevocably consents to the exclusive jurisdiction of any State or Federal court located in Miami/Dade County in the state of Florida in the event that any action is brought by either party pursuant to this Agreement. *Operator hereby waives any venue or other objection that it may have to any such action or proceeding being brought in any State or Federal court located in Miami/Dade County.* (emphasis added).

28.     Pursuant to Royal Caribbean's cruise ticket contract with its passengers, *performance* of PARADISE TOURS's insurance defense and indemnity obligations can occur only in Florida because of the Florida forum clause in Royal Caribbean's cruise ticket with its passengers.

29.     Moreover, PARADISE TOURS was and is agreeing to insure, defend and indemnify an entity, *i.e.,* Royal Caribbean which at all material times and for all material purposes was and is located in the State of Florida.

30.     PARADISE TOURS has already been performing these insurance, defense and indemnity obligations in Florida in this matter since the time Royal Caribbean was put on written notice of the Plaintiff's claims, months before PARADISE TOURS was sued or served with process by the Plaintiff in this case.

31.     Furthermore, Plaintiff's causes of action against PARADISE TOURS arise in part from or have a nexus with the doing of these acts in Florida by PARADISE TOURS because the plaintiff has sued Royal Caribbean in Florida and plaintiff has also sued PARADISE TOURS in Florida as contractual indemnitor in Florida of Royal Caribbean as to plaintiffs Florida causes of action against Royal Caribbean.

10

32.     Therefore, PARADISE TOURS is subject to the personal jurisdiction of this court pursuant to *Florida Statute §48.193(1)(d)*.

33.     Additionally, at all relevant times, there was and is in full force and effect in the State of Florida the state's general jurisdiction statute, *i.e., Florida Statute §. 48.193(2),* which provides in pertinent part that:

> A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, *whether or not the claim arises from that activity.* (emphasis added)

34.     Further, *Florida Statute § 48.193(1)(f)* provides a sufficient basis for exercising personal jurisdiction over Defendant, PARADISE TOURS, because, at all relevant times, PARADISE TOURS continuously and systematically engaged in substantial and not isolated interstate, intrastate or other activity within this state, so that there is personal jurisdiction over Defendant, PARADISE TOURS, for Plaintiff's cause(s) of action pursuant to *Florida Statute § 48.193(2)*.

35.     Defendant, PARADISE TOURS's continuous and systematic activities and contacts within this State, both directly and through agents, at all relevant times included but were not limited to a combination of the following:

A.     Selling or consigning excursion tickets through cruise ship lines, brokers, or distributors to persons, firms or corporations in this State; and/or,

B.     Continuing and systematically establishing and maintaining business agents in this State, e.g., Royal Caribbean who have been and are authorized by Defendant, PARADISE TOURS, to market and sell excursion tickets for PARADISE TOURS in and from this State to individuals in this State and elsewhere in the U.S. without first having to confirm with PARADISE TOURS or to seek PARADISE TOURS's specific approval of each sale in order to bind PARADISE TOURS to the ticket obligations to the customer; and/or,

11

C.    Having other real or apparent agents and/or joint ventures in this State; e.g., Royal Caribbean; and/or,

D.    Having multiple, separate commercial relationships with Florida-based entities, including, but not limited to cruise lines, travel and vacation agencies, lawyers, banks, insurance brokers, trade associations, and marketers and/or advertisers and/or selling agents; and/or,

E.    Continuing and systematically appointing and maintaining attorneys-in-fact in Florida to carry out business for PARADISE TOURS in Florida integral to PARADISE TOURS's excursion business and operations; and/or,

F.    Continuing and systematically maintaining and holding out a Florida address for its business activities in Florida integral to PARADISE TOURS's excursion business; and/or,

G.    Continuing and systematically advertising itself in this State in trade magazines published by Florida-based companies and circulated to actual and potential excursion customers of PARADISE TOURS in Florida, e.g., cruise lines; and/or,

H.    Defending and indemnifying persons and entities in this State against Florida lawsuits related to its excursions, including the present suit; and/or

I.    Deliberately and systematically seeking out and entering into multiple, continuous commercial excursion-related contracts in this State with several Florida-based entities, which contain provisions by which PARADISE TOURS agreed and agrees to accede to personal jurisdiction in a Florida and/or to be subject in whole or in part to Florida law; and/or,

J.    Other contacts with the State of Florida which may be revealed during reasonable jurisdictional discovery.

**<u>GENERAL ALLEGATIONS</u>**

36.    That on or about April 8, 2018 the Plaintiff was a passenger aboard the cruise ship known as *Oasis of the Seas* operated by Royal Caribbean Cruise Limited.

37.    Plaintiff also purchased a catamaran shore excursion to take place on April 13, 2018, based solely upon advertisement and information provided on the Royal Caribbean website.

12

38.     The subject excursion was offered at "Labadee Beach" a private island controlled by and utilized exclusively by RCL ships and their passengers.

39.     The fee for the excursion was charged to the Plaintiff and collected from the Plaintiff entirely by Royal Caribbean.

40.     The subject excursion could only be purchased by and participated in by RCL passengers.

41.     Based upon the advertising and the fact that the Plaintiff purchased it on the Royal Caribbean website, Plaintiff reasonably believed that the catamaran excursion was operated by Royal Caribbean.

42.     Royal Caribbean never identified Defendant, PARADISE TOURS, as the owner and operator of the catamaran excursion in its brochure or on its website or otherwise advised Plaintiff of the identity of the catamaran excursion operator.

43.     On April 13, 2018, the *Oasis of the Seas* docked at Labadee, Haiti for the day. Soon thereafter the Plaintiff boarded the catamaran known as "Island Time" owned by Defendant, PARADISE TOURS, for the Sandbar adventure as a shore excursion by Royal Caribbean to Plaintiff.

44.     The "Sandbar Island" catamaran had no identifying markings identifying it as operated by "Paradise Tours', a third party tour operator. No dockside signs, crew uniforms, or other identifying marks referenced Paradise Tours.

45.     While on board the catamaran, the crew employed by Defendant, PARADISE TOURS, operated the catamaran during the docking procedure so as to cause an unexpected and abnormal motion of the catamaran, during the docking procedure. The sudden, unannounced and unexpected motion of the catamaran caused the Plaintiff, John P. Stetzenbach, to fall

backward through an unprotected opening between the bow of the catamaran to the inside deck multiple feet below the bow deck level, landing on his head and neck, causing injury to his cervical spine.

46.     All conditions precedent for filing and maintaining this action have been fulfilled, performed, or waived.

**COUNT I**
**NEGLIGENCE AGAINST PARADISE TOURS:**
**CONDITON OF THE CATAMARAN**

Plaintiff JOHN P. STETZENBACH, JR. re-alleges all allegations pled in Paragraphs 1-46 as if alleged fully herein and further alleges as follows:

47.     At all times material hereto, the Sandbar Island catamaran was maintained by employees of Defendant, PARADISE TOURS, with the knowledge and consent of Royal Caribbean.

48.     Defendant PARADISE TOURS owed a duty to Plaintiff to maintain the catamaran in a reasonably safe manner including but limited to:

a.     Eliminate or reduce the large, unprotected openings in the bow section of the catamaran in which passengers, such as the Plaintiff, could easily fall through causing serious injuries or provide handholds for safety;

b.     To provide proper safeguards and block off or otherwise safeguard the large openings of the bow section of the catamaran to prevent injuries to passengers from falling through the large openings in the bow section of the catamaran.

14

49.     The Defendant, PARADISE TOURS, had actual knowledge of the dangerous conditions aboard the catamaran excursion vessel as its employees were responsible for the maintenance and repair of the catamaran.

50.     The danger created by the openings in the bow of the catamaran was not open and obvious to the Plaintiff JOHN P. STETZENBACH, JR.

51.     Defendant, PARADISE TOURS, was negligent and breached its duty to Plaintiff JOHN P. STETZENBACH, JR. to maintain the catamaran in a safe and careful manner in the following regards:

a.      Allowing the existence of large unprotected openings in the bow section of the catamaran through which passengers, such as the Plaintiff, could easily fall causing serious injuries;

b.      Failing to properly safeguard and block off or otherwise safeguard the large openings of the bow section of the catamaran to prevent injuries to passengers from falling through the large openings in the bow section of the catamaran;

52.     At all relevant times, Defendant, PARADISE TOURS, acted within Royal Caribbean's control or right of control; and/or, PARADISE TOURS and Royal Caribbean each was otherwise acting with the other's knowledge and acquiescence as the other's actual or apparent agent, pursuant to representations by Royal Caribbean and by PARADISE TOURS in Royal Caribbean promotional and tour sales materials provided to Royal Caribbean passengers which were relied upon by the Plaintiff JOHN P. STETZENBACH, JR. in making the decision to purchase tickets for the subject catamaran excursion.

53.     As a direct, and proximate, and foreseeable result of the breach of the duty alleged above, Plaintiff JOHN P. STETZENBACH, JR. was caused to fall through the opening near the bow of the catamaran and suffer bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery, medical, and nursing care and treatment and loss of earnings and loss of the ability to earn money. These losses are permanent and continuing.

**WHEREFORE**, the Plaintiff, JOHN P. STETZENBACH, JR., demands judgment against PARADISE TOURS for damages suffered as a result of the alleged accident and injury together with all taxable court costs and prejudgment interest.

## COUNT II
## NEGLIGENCE AGAINST PARADISE TOURS:
## OPERATION OF THE CATAMARAN

Plaintiff JOHN P. STETZENBACH, JR. re-alleges all allegations pled in Paragraphs 1-46 as if alleged fully herein and further alleges as follows:

54.     At all times material hereto, the Sandbar Island catamaran excursion was operated by employees of Defendant, PARADISE TOURS, with the knowledge and consent of Royal Caribbean.

55.     Defendant PARADISE TOURS owed a duty to Plaintiff to operate the catamaran in a reasonably safe manner including but limited to:

    a.     Not operating the catamaran while allowing passengers to dance, stand, sit, or otherwise proximate to the large openings in the bow section of the catamaran while the vessel was underway;

    b.     Not engaging in turning maneuvers when encountering wakes and/or waves, and/or when varying speed of the twin-hulled catamaran vessel,

16

which presented particular and unexpected dangers to passengers dancing, standing, sitting, or otherwise being in the proximity of the large openings in the bow section of the catamaran during such operation and maneuvers;

c.       Not encouraging and/or engaging in distracting activities while the subject vessel was underway, including but not limited to encouraging and prompting dancing and/or other movement about the vessel while underway and docking; playing music and crew members otherwise distracting passengers while underway.

56.     The Defendant, PARADISE TOURS, had actual knowledge of the dangerous operation of the catamaran excursion vessel as its employees were responsible for the operation of the catamaran.

57.     The danger created by the openings in the bow of the catamaran was not open and obvious to the Plaintiff JOHN P. STETZENBACH, JR.

58.     Defendant, PARADISE TOURS, was negligent and breached its duty to Plaintiff JOHN P. STETZENBACH, JR. to operate the catamaran in a safe and careful manner in the following regards:

a.       Operating the catamaran while allowing passengers to dance stand, sit, or otherwise proximate to the large openings in the bow section of the catamaran while the vessel was underway, docking, and otherwise in motion;

b.       Engaging in turning maneuvers when encountering wakes and/or waves, and/or when varying speed of the twin-hulled catamaran vessel, docking, and otherwise in motion, which presented particular and unexpected

17

dangers to passengers dancing, standing, sitting, or otherwise being in the proximity of the large openings in the bow section of the catamaran during such operation and maneuvers;

c.    Encouraging and/or engaging in distracting activities while the subject vessel was underway, and during docking procedures, including but not limited to encouraging and prompting dancing and/or other movement about the vessel while underway and/or docking; playing music and crew members otherwise distracting passengers while underway; and otherwise failing to instruct and assist passengers in staying seated and/or otherwise in secure and safe positions aboard the vessel while the vessel was underway, and during docking procedures; and

d.    Engaging in docking maneuvers which caused the catamaran vessel to suddenly and unexpectedly lurch while docking, causing Plaintiff, JOHN P. STETZENBACH, JR, to lose his footing and fall into a large, unprotected opening in the vessel.

59.    At all relevant times, Defendant, PARADISE TOURS, acted within Royal Caribbean's control or right of control; and/or, PARADISE TOURS and Royal Caribbean each was otherwise acting with the other's knowledge and acquiescence as the other's actual or apparent agent, pursuant to representations by Royal Caribbean and by PARADISE TOURS which were relied upon by the Plaintiff JOHN P. STETZENBACH, JR. in making the decision to purchase tickets for the subject catamaran excursion.

60.    As a direct, and proximate, and foreseeable result of the breach of the duty alleged above, Plaintiff JOHN P. STETZENBACH, JR. was caused to fall through the opening in the

bow of the catamaran and suffer bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery, medical, and nursing care and treatment and loss of earnings and loss of the ability to earn money. These losses are permanent and continuing.

**WHEREFORE**, the Plaintiff, JOHN P. STETZENBACH, JR., demands judgment against PARADISE TOURS for damages suffered as a result of the alleged accident and injury together with all taxable court costs and prejudgment interest.

<u>**COUNT III**</u>
<u>**NEGLIGENCE AGAINST PARADISE TOURS: FAILURE TO WARN**</u>

Plaintiff JOHN P. STETZENBACH, JR. re-alleges all allegations pled in Paragraphs 1-46 as if alleged fully herein and further alleges as follows:

61.     At all times material hereto, the Sandbar Island catamaran excursion was operated by employees of Defendant, PARADISE TOURS, with the knowledge and consent of Royal Caribbean.

62.     PARADISE TOURS owed a duty to Plaintiff to warn him of dangers of which it knew or reasonably should have known, including but limited to:

a.      Duty to   provide adequate warnings and/or instructions to passengers about the danger of dancing, standing, sitting, or otherwise being in proximity to the large openings near the bow section of the catamaran in which passengers, such as the Plaintiff, could fall through such openings, causing serious injuries;

b.      Duty to provide adequate warnings and/or instructions to passengers about characteristics of the subject twin-hulled catamaran vessel when engaging

in turning maneuvers and/or when encountering wakes or waves, and/or when varying speed of the catamaran vessel, and during docking procedures, and particularly about the danger of standing, sitting, or otherwise being in the proximity of the large openings in the bow section of the catamaran during such operation and maneuvers;

c.  Duty to properly warn and/or instruct passengers of the operational features of the catamaran while engaging in docking procedures;

d.  Duty to announce, warn or otherwise instruct passengers to sit or stand with a secure handhold during docking procedures.

63. The Defendant, PARADISE TOURS, had actual knowledge of the dangerous conditions aboard the catamaran excursion vessel as its employees were responsible for the operation, maintenance and repair of the catamaran.

64.  The danger created by the openings near the bow of the catamaran was not open and obvious to the Plaintiff JOHN P. STETZENBACH, JR.

65.  Defendant, PARADISE TOURS, breached its duty to warn Plaintiff JOHN P. STETZENBACH, JR. in the following regards:

a.  Failing to provide adequate warnings and/or instructions to passengers about the danger of dancing, standing, sitting, or otherwise being in proximity with the large openings near the bow section of the catamaran in which passengers, such as the Plaintiff, could fall through such openings, causing serious injuries;

b.  Failing to provide adequate warnings and/or instructions to passengers about the particular operational characteristics of the subject twin-hulled

20

catamaran vessel when engaging in turning maneuvers and/or when encountering wakes or waves, when docking, and/or when varying speed of the catamaran vessel, and during docking procedures, and particularly about the danger of dancing, standing, sitting, or otherwise being in the proximity of the large openings near the bow section of the catamaran during such operation and maneuvers;

c.    Failing to properly warn and/or instruct passengers of the unusual operational features of the catamaran while engaging in docking procedures;

d.    Failing to warn or otherwise instruct passengers to sit or stand with a secure handhold during docking procedures.

66.    At all relevant times, Defendant, PARADISE TOURS, acted within Royal Caribbean's control or right of control; and/or, PARADISE TOURS and Royal Caribbean each was otherwise acting with the other's knowledge and acquiescence as the other's actual or apparent agent, pursuant to representations by Royal Caribbean and by PARADISE TOURS which were relied upon by the Plaintiff JOHN P. STETZENBACH, JR. in making the decision to purchase tickets for the subject catamaran excursion.

67.    As a direct, and proximate, and foreseeable result of the breach of the duty alleged above, Plaintiff JOHN P. STETZENBACH, JR. was caused to fall through the opening in the bow of the catamaran and suffer bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery, medical, and nursing care and treatment and loss of earnings and loss of the ability to earn money. These losses are permanent and continuing.

21

## COUNT IV
## LIABILITY OF PARADISE TOURS AS INDEMNITOR

Plaintiff JOHN P. STETZENBACH, JR. re-alleges all allegations pled in Paragraphs 1-46 as if alleged fully herein and further alleges as follows:

68.     Defendant, PARADISE TOURS, at all relevant times, agreed in writing with Royal Caribbean that *"Operator [PARADISE TOURS] agrees to indemnify, hold harmless, and defend Royal Caribbean Cruises, Ltd, [and] its... affiliates, [etc.],...(collectively the "Indemnitees"), from and against any and all losses, claims, liabilities, alleged liabilities, damages or alleged damages, causes of action, legal fees, costs and expenses which may arise or be claimed against the Indemnitee(s) as a consequence or arising from the business or operations of the Operator [PARADISE TOURS] and services provided to the Indemnitee(s) and their passengers."* (emphasis added)

69.     Another provision of the same agreement stated:

**12.2    Governing Law and Consent to Jurisdiction**
"The validity, interpretation *and performance of this Agreement shall be governed by the laws of the State of Florida.* (emphasis added)
Operator [PARADISE TOURS] acknowledges that pursuant to *its agreement* with the Passengers, all disputes and matters arising under, in connection with or incident to the cruise ticket agreement between the guest and the Cruise Line shall be litigated, if at all, in and before a court located in Miami, Florida, U.S.A., [or such other jurisdiction as may be specified in the agreement with the guest] to the exclusion of the courts of any other state, territory, or country. *Operator* [PARADISE TOURS] *shall take no steps that contradict these arrangements.*" (emphasis added)
Operator hereby irrevocably consents to the exclusive jurisdiction of any State or Federal court located in Miami/Dade County in the state of Florida in the event that any action is brought by either party pursuant to this Agreement. *Operator hereby waives any venue or other objection that it may have to any such action or proceeding being brought in any State or Federal court located in Miami/Dade County.* (emphasis added).

70.     These provisions were intended in part to benefit of Royal Caribbean's passengers and were in the agreement when PARADISE TOURS signed it.

22

71.     Defendant, PARADISE TOURS, at all relevant times, thus knew that Royal Caribbean could only be sued in Miami by a passenger for an excursion-related claim.

72.     In the same agreement PARADISE TOURS, for pecuniary benefit, also expressly and deliberately contracted to insure Royal Caribbean (which is based entirely in Florida and not in the Cayman Islands) and to defend and indemnify Royal Caribbean against excursion-related passenger suits initiated in Miami-Dade County, State of Florida, which by virtue of Royal Caribbean's cruise ticket contracts with its passengers, is *the only place on the planet where such suits can be brought.*

73.     Defendant, PARADISE TOURS, at all relevant times, agreed with Royal Caribbean to perform these contractual defense and indemnity obligations in Florida, in a Florida court if necessary, and to be subject to Florida and/or U.S. maritime law in such performance.

74.     The relevant insurance provisions of PARADISE TOURS's agreement with Royal Caribbean provided:

> **Section 7. Insurance**
> Operator [PARADISE TOURS] shall maintain, throughout the term of this Agreement and at its own expense, the types of insurance specified in Exhibit C which is annexed hereto and hereby incorporated into this Agreement.
>
> **Exhibit C:**
> 1.     The tour operator's insurance must provide coverage for liability alleged against Royal Caribbean...
> 3.     All tour operators...must name Royal Caribbean Cruises, Ltd...as additionally insureds on their certificate of insurance.
> 8.     The insurance coverage for all Tours must include Worldwide jurisdiction.

75.     In fact, the insurance procured by PARADISE TOURS to defend and indemnify Royal Caribbean has a "definition of suits" provision which covers only passenger suits brought in the U.S.

76. PARADISE TOURS was required to contract to insure Royal Caribbean as a precondition to being enrolled in Royal Caribbean's excursion program.

77. Royal Caribbean would not have sold a ticket to plaintiff for the subject excursion, and plaintiff would not otherwise have been on it, were it not for PARADISE TOURS's agreement (formed in the State of Florida) to insure, defend, and indemnify Royal Caribbean in Florida against excursion related passenger claims, which could only be initiated in Florida as opposed to the Cayman Islands or any other place on the planet Earth.

78. Defendant, PARADISE TOURS, upon information and belief, has already begun performance of these terms in Florida by purchasing such insurance for itself and for Royal Caribbean in the State of Florida and by actually undertaking to defend and indemnify Royal Caribbean against the matters raised in this Florida lawsuit, even prior to service of the complaint upon PARADISE TOURS as co-defendant.

79. The Plaintiff, at all material times, was and is an intended, obvious beneficiary of these insurance and indemnity provisions and would thereby be entitled to immediate entry of a Florida judgment against PARADISE TOURS in this Florida lawsuit following a verdict and judgment, if any, in favor of the Plaintiff against Royal Caribbean in the case of *John P. Stetzenbach, Jr. v. Royal Caribbean Cruises, Ltd.*, *United States District Court for the Southern District of Florida, Case No. 18-cv-25382.*

**WHEREFORE**, the Plaintiff, JOHN P. STETZENBACH, JR., demands judgment against PARADISE TOURS for any and all damages awarded to Plaintiff against Royal Caribbean in the case of *John P. Stetzenbach, Jr. v. Royal Caribbean Cruises, Ltd.*, *United States District Court for the Southern District of Florida, Case No. 18-cv-25382.*

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable of right by a jury.

Dated this 16th day of May, 2019.

> KRUPNICK CAMPBELL MALONE
> BUSER SLAMA HANCOCK, P.A.
> Attorneys for Plaintiff
> 12 Southeast 7th Street, Suite 801
> Fort Lauderdale, Florida  33301
> Telephone:  (954) 763-8181
> Facsimile:   (954) 763-8292
>
> */s/ Joseph J. Slama*
>
> BY:_____
> JOSEPH J. SLAMA
> Florida Bar No:  476171
> CHRISTOPHER W. ROYER
> Florida Bar No:  139981
> Email:  Pleadings-JJS@krupnicklaw.com